UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDDY EUGENE,

                Plaintiff,

vs.                            Case No.  2:05-cv-84-FtM-29SPC

ERIK MILLER, CHARLES PUGH, CRIS
FREEMAN AND DON HUNTER,

                Defendants.
_____/

## OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court upon initial review of the file. Plaintiff, an inmate at the Naples Jail, proceeding pro se filed a civil rights complaint form pursuant to 42 U.S.C. §1983 (Doc. #1) on February 28, 2005 (the "Complaint"). The allegations in Plaintiff's Complaint concern prison conditions at the Naples County Jail. In particular, Plaintiff complains of an incident involving Defendant Miller that occurred on November 12, 2004 in which Plaintiff alleges Officer Miller "violated [Plaintiff's] 8th Amendment Rights . . . and also committed professional malpractice." Complaint, Section VI, page 8. Plaintiff states that he submitted grievance forms in connection with the incident, a copy of which he attaches to this Complaint. Complaint, pages 2-4. The Court has reviewed the documents attached to Plaintiff's Complaint, and finds Plaintiff has attached the following documents that were apparently generated in connection with the October 12, 2004 incident: (1) Medical Observation Report dated October 12, 2004; (2) Jail Incident

Report Prepared by Erik J. Miller dated October 12, 2004; (3) Jail Incident Report Prepared by Shirley E. Silver dated October 12, 2004; (4) Jail Incident Report Prepared by Daniel H. Tess dated October 12, 2004;  (5) Jail Incident Report Prepared by John T. Hurley dated October 12, 2004; and, (6) Report of Force Used dated October 12, 2004.  Plaintiff seeks compensatory damages in the amount of $3,500,000.  Complaint, Section VIII, page 10.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. **No action shall be brought** with respect to prison conditions under section 1983 of this title, or any other Federal law, **by a prisoner confined in any jail**, prison, or other correctional facility **until such administrative remedies as are available are exhausted.**

42 U.S.C. § 1997e(a)(emphasis added).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).  The Court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998).  Moreover, in Porter v. Nussle, 534 U.S. 516 (2002), the Court made clear that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. See

also <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief offered through the administrative procedures is available).  In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing <u>Alexander</u>, 159 F.3d 1326); <u>Brown v. Sikes</u>, 212 F.3d 1205, 1208 (11th Cir. 2000).

> In <u>Alexander v. Hawk</u>, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:
>
>> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

> 159 F.3d at 1327 (quoting <u>Kobleur v. Group</u>
> <u>Hospitalization & Medical Services, Inc.</u>, 954
> F.2d 705 (11th Cir. 1992)).  Each one of those
> policies is furthered by reading § 1997e(a) to
> require that a prisoner provide with his
> grievance all relevant information reasonably
> available to him.

<u>Brown v. Sikes</u>, 212 F.3d 1205, 1208 (11th Cir. 2000).  Thus, in

<u>Brown</u>, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires

a prisoner to provide in his administrative grievance as much

relevant information about his claims, including the identity of

those directly involved in the alleged deprivations, as the prisoner

reasonably can provide.  It does not require him to provide

information he cannot reasonably obtain[.]"  <u>Id</u>. at 1210.

Thus, because exhaustion is a **pre-condition** to suit and because

the administrative grievance procedures are important for

effectively determining how the facility has addressed the issues

presented to it, it is extremely necessary and useful for Plaintiff

fully to pursue the administrative grievance procedures available

to him.  Here, it is clear that Plaintiff has demonstrated only that

incident reports were generated concerning the November 12, 2004

incident, not that he ever actually in fact grieved the November 12,

2004 incident.  The Court takes judicial notice that the Collier

County Sheriff's Office has informal and formal inmate  grievance

procedures in place at the Naples and Immokalee Jails. <u>See</u> Collier

County Sheriff's Office, Jail Division Policy & Procedure Manual,

Chapter 7, Section 10.  Because Plaintiff has not demonstrated that

-4-

he has availed himself of the grievance procedures at the Naples Jail, the Court will dismiss Plaintiff's Complaint **without prejudice** to allow Plaintiff to first complete the grievance process at the Naples Jail.  Plaintiff may consider attaching this Order to his grievance forms as notification to the jail that he is availing himself of the administrative grievance process, and that such responses may assist this Court in resolving the issues of the case.

If after exhausting his administrative remedies, Plaintiff chooses to re-file his action, Plaintiff should submit copies of all his grievances, appeals, and responses in order to comply with the instructions to the civil rights complaint form.

Accordingly, it is now

**ORDERED:**

1.   This case is **DISMISSED WITHOUT PREJUDICE.**

2.   The Clerk of the Court shall: (1) enter judgment dismissing this case without prejudice; (2) terminate any pending motions; and, (3) shall close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___22nd___ day of April, 2005.


SA:   hmk

Copies: All Parties of Record

JOHN E. STEELE
United States District Judge

-5-